IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STANISLAW FILIPEK, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 08 C 715 |
| | ) | |
| v. | ) | JUDGE CASTILLO |
| | ) | Judge Presiding |
| RACHEL KRASS, ROSE WACH, | ) | |
| CESAR CLAUDIO, SEAN TULLY, | ) | MAG. JUDGE DENLOW |
| JOSEPH WALSH, BRIAN GUNNELL, | ) | |
| TIM SHANAHAN, DALE POTTER, A CHICAGO | ) | |
| POLICE OFFICER WHOSE NAME IS | ) | |
| UNKNOWN, CITY OF CHICAGO; | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS MOTION TO DISMISS**

Defendants, Rachel KRASS, Rose WACH, Cesar CLAUDIO, Sean TULLY, Joseph WALSH, Brian GUNNELL, Tim SHANAHAN, and Dale POTTER("Defendant Officers"), by one of their attorneys, Thomas H. Freitag, Assistant Corporation Counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff's Complaint, on grounds that the Complaint fails to state a claim upon which relief can be granted pursuant to Rule 8(a) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

Defendant Officers file this motion, alleging that the Plaintiff's Complaint is insufficient under Rule 8(a). On February 1, 2008, Plaintiff filed his Complaint, alleging violations of the Fourth, Eighth and Fourteenth amendments of the United States Constitution, but failing to explicitly state what the claims were, and specifically to demonstrate which claims were alleged against Defendant Officers. (See Plaintiff's Complaint at Law, attached as Exhibit A). Defendant Officers respectfully request this

1

Court to dismiss the Complaint against them for failure to state a claim for which relief can be granted.

## ARGUMENT

A court generally should dismiss a complaint under Fed. R. Civ. P. 12(b)(6) if the plaintiff does not meet the burden of showing that the allegations create not just a possibility, but the plausibility of entitlement to relief. *Bell Atlantic Corporation v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1966 (2007). In order to survive a Rule 12(b)(6) motion to dimiss, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Id.* at 1964. The allegations in a complaint must plausibly suggest that the plaintiff has a right to relief, raising the possibility above, a speculative level; if they do not the plaintiff pleads themselves of court. *EEOC v.Concentra Health Sevrices*, 496 F.3d 773, 776 (7th Cir. 2007). The Seventh Circuit has stated that "it is not enough for a complaint to avoid a foreclosing possible basis for relief, it must actually suggest that the plaintiff has a right to relief…". *Id.* at 777 (Citing *Bell Atlantic Corp.*, at 1968-69). A complaint must provide allegations that raise a right to relief above the speculative level. *Id.* at 777 (Citing *Bell Atlantic Corp.*, at 1965). Only factual allegations should be considered, and a district court may freely reject allegations that are nothing more than legal conclusions. Reichenberger v. Pritchard, 660 F.2d 280, 282 (7th Cir. 1981).

"Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 127 S.Ct. at 1965. The complaint's factual allegations cannot be based on mere speculation. *Id.* Requiring the complaint to state the

connection between the plaintiff's claims and a specific defendant's conduct serves the traditional purpose of notice pleading by giving the defendants fair notice of the claims against them and a reasonable opportunity to form an answer. *Marshall v. Knight*, 445 F.3d 965, 968 (2006). Such notice should "outline or adumbrate" the alleged violations and connect the violations to the defendants. *Christensen v. County of Boone*, 483 F.3d 454, 459 (7th Cir. 2007)(Citing *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992)). The Seventh Circuit has stated that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8. *Airborne Beepers & Video, Inc. v. ATT Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

That is the issue in the present matter, Plaintiff's Complaint is so sketchy, that it fails to connect which Defendant Officers to which claims. Plaintiff's Complaint is not fair notice and denies Defendants a reasonable opportunity to answer the Complaint. In paragraph 3 of Plaintiff's Complaint, there is an allegation that "[o]ne or more of the On Scene Defendants arrested Plaintiff" and those who participated in the arrest used excessive force. (Exhibit A , ¶ 3). Defendant Officers are forced to speculate as to which one or more of the seven officers he is alleging used excessive force. Plaintiff fails to connect the allegation of excessive force specifically to any of the officers. Plaintiff also states that the remaining on scene defendants observed the arrest, but we don't know who he is talking about, because it's still vague as to which of the seven officers he is alleging used excessive force.

In paragraph 4 of the Complaint, Plaintiff uses some boilerplate catch-all language to make allegations against those on scene defendants who did not participate in the arrest of plaintiff. (Exhibit A , ¶ 4). However, again Plaintiff does not delineate who he is talking about here, forcing Defendant Officers once again to speculate as to which of the "On Scene Defendants" he is making allegations against. In paragraph 6, Plaintiff alleges that Defendant Wach "on information and belief, was aware of unknown officers actions...". (Exhibit A , ¶ 6). A mere belief that someone did something is speculative and does not rise to the level of plausibility of entitlement to relief. In paragraph 7, Plaintiff makes allegations against some or all of Defendant Officers, and they are once again forced to speculate as to which of them these allegations refer to. (Exhibit A , ¶ 7). Plaintiff, throughout his Complaint throws out vague catch-all allegations against Defendant Officers without fair notice of the allegations and failing to connect the allegations to Defendant Officers.

These vague references fall short of providing the Defendant Officers with sufficient notice of the basis for Plaintiff's claims against them. The Complaint fails to define who is included in what group. Absent an explicit articulation of specific allegations to certain defendants, Plaintiff's inconsistent use of "On Scene Defendants" throughout the Complaint prohibits one from determining which claims actually refer to which defendants. The Plaintiff's Complaint contains speculative statements, which the Defendants are left to guess as to which claims refer to which Defendants. This makes it impossible to identify the responsible actors. In essence, the Complaint provides no direct connection between Defendant Officers and any claim arising out of the incident. *See*, *Marshall*, 445 F.3d at 968.

WHEREFORE, Defendant Officers request this court dismiss the Complaint against them in this cause with prejudice or such other relief this court deems appropriate.

Respectfully submitted,

/s/ Thomas H. Freitag
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois   60602
312-742-7391
Attorney no. 06272245

April 17, 2008