IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANISLAW FILIPEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | No. 08 C 715 |
| ) | |
| RACHEL KRASS, ROSE WACH, ) | Hon. Ruben Castillo |
| CESAR CLAUDIO, SEAN TULLY, ) | |
| JOSEPH WALSH, BRIAN GUNNELL, ) | Magistrate Judge Denlow |
| TIM SHANAHAN, DALE POTTER, A ) | |
| CHICAGO POLICE OFFICER WHOSE ) | |
| NAME IS UNKNOWN, ) | |
| ) | |
| Defendants. ) | |

**RESPONSE TO DEFENDANT OFFICERS' MOTION TO DISMISS**

Now comes Plaintiff, STANISLAW FILIPEK, by his attorney John W. Moore, and responding to the Defendant Officers' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) states the following:

**ARGUMENT**

When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 550 U.S. ___, ___ (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007), *quoting Bell Atlantic*, 127 S.Ct. at 1964, 550 U.S. at ___ . "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, … a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do …" *Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*, 499 F.3d 663, 667 (7th Cir. 2007), *quoting Bell Atlantic*, 127 S.Ct. at 1964-65, 550 U.S. at ___.

In his Complaint, Plaintiff clearly provides enough facts to give the defendants fair notice of what the claim is and the grounds upon which it rests. In fact, Plaintiff's Complaint has altogether avoided labels, conclusions, and a formulaic recitation of the elements of a cause of action. Plaintiff has clearly stated that all the defendants were on-duty Chicago Police Officers. (Complaint at Law, ¶ 4a).[1] Plaintiff has clearly stated that all the defendants except defendant Wach and the unknown police officer were present when Plaintiff was arrested and that those police officers present when Plaintiff was arrested either improperly struck Plaintiff about the body, head, and face, improperly used a chemical spray on Plaintiff, or improperly failed to protect Plaintiff. (Complaint at Law, ¶¶ 3b and 4b). Regarding defendant Wach and the unknown police officer, Plaintiff has clearly stated that at the police station, these two defendants either improperly beat, kicked, and struck Plaintiff repeatedly about his body, face, and head or improperly failed to protect Plaintiff. (Complaint at Law, ¶¶ 5 and 6). Finally, Plaintiff has clearly stated that some or all of the defendants agreed to make incorrect or false police reports to conceal the excessive force used against Plaintiff. (Complaint at Law, ¶ 7). These facts undoubtedly place each defendant on notice of how they acted or failed to act with regard to causing Plaintiff's injuries.

---

[1] Plaintiff's counsel mistakenly repeated paragraph numbering for paragraphs 3 and 4 in the Complaint at Law. The first set of paragraphs numbered 3 and 4 are under the heading "PARTIES" and are referred to herein as paragraphs 3a and 4a. The second set of paragraphs numbered 3 and 4 are under the heading "FACTUAL ALLEGATIONS" and are referred to herein as paragraphs 3b and 4b. Counsel apologizes for the error.

- 3 -

The factual detail in Plaintiff's complaint is not "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant[s] [are] entitled under Rule 8." …" *Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*, 499 F.3d at 667.  Plaintiff's Complaint provides more than enough facts to "raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1965, 550 U.S. at ___.  In fact, Plaintiff's Complaint contains "enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic*, 127 S.Ct. at 1974, 550 U.S. at ___.

In their motion to dismiss, Defendants argue that Plaintiff's Complaint is "sketchy" because Plaintiff has not specifically named which police officers used excessive force while arresting and detaining him and which police officers stood idle. However, the Complaint fairly places each and every defendant on notice that he or she either used excessive force or watched as Plaintiff was arrested and detained.  The information that Defendants claim is lacking is clearly information in the minds and reports of the Defendants and can be clarified during discovery.  Plaintiff cannot be held to a standard of pleading that would require him to read all of Defendants' name tags and remember who is who as he is being struck about the body, head, and face.

WHEREFORE, Plaintiff prays for an order denying Defendant Officers' Motion to Dismiss.

                              Respectfully submitted,

                              **STANISLAW FILIPEK**

                              By: /s/ *John W. Moore*
                              One of his attorneys

John W. Moore (A.R.D.C. No. 6190084)
Attorney for Plaintiff
20 South Clark Street, Suite 2210
Chicago, Illinois 60603
(312) 419-1140

- 5 -

**CERTIFICATE OF SERVICE**

John W. Moore, an attorney at law, certifies that on May 19, 2008, he caused a copy of Plaintiff's Response to Defendant Officers Motion to Dismiss to be served electronically by filing with the ECF system to:

Thomas Freitag
Assistant Corporation Counsel
Individual Defense Litigation
30 North La Salle Street
Suite 1400
Chicago IL 60602

on the aforesaid date.

/s/ *John W. Moore*