IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STANISLAW FILIPEK, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 08 C 715 |
| | ) | |
| v. | ) | JUDGE CASTILLO |
| | ) | Judge Presiding |
| RACHEL KRASS, ROSE WACH, | ) | |
| CESAR CLAUDIO, SEAN TULLY, | ) | MAG. JUDGE DENLOW |
| JOSEPH WALSH, BRIAN GUNNELL, | ) | |
| TIM SHANAHAN, DALE POTTER, A CHICAGO | ) | |
| POLICE OFFICER WHOSE NAME IS | ) | |
| UNKNOWN, CITY OF CHICAGO; | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' REPLY TO PLAINITFF'S RESPONSE
TO THEIR MOTION TO DISMISS**

Defendants, Rachel KRASS, Rose WACH, Cesar CLAUDIO, Sean TULLY, Joseph WALSH, Brian GUNNELL, Tim SHANAHAN, and Dale POTTER("Defendant Officers"), by one of their attorneys, Thomas H. Freitag, Assistant Corporation Counsel, in Reply to Plaintiff's Response to Defendant Officer's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 8(a) and 12 b)(6) state the following:

**ARGUMENT**

A court generally should dismiss a complaint under Fed. R. Civ. P. 12(b)(6) if the plaintiff does not meet the burden of showing that the allegations create not just a possibility, but the plausibility of entitlement to relief. *Bell Atlantic Corporation v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1966 (2007). In order to survive a Rule 12(b)(6) motion to dimiss, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Id.* at 1964.

1

The allegations in a complaint must plausibly suggest that the plaintiff has a right to relief, raising the possibility above, a speculative level; if they do not the plaintiff pleads themselves of court. *EEOC v.Concentra Health Sevrices*, 496 F.3d 773, 776 (7th Cir. 2007). The Seventh Circuit has stated that "it is not enough for a complaint to avoid a foreclosing possible basis for relief, it must actually suggest that the plaintiff has a right to relief…". *Id.* at 777 (Citing *Bell Atlantic Corp.*, at 1968-69). A complaint must provide allegations that raise a right to relief above the speculative level. *Id.* at 777 (Citing *Bell Atlantic Corp.*, at 1965).

The issue in the present matter, is that Plaintiff's Complaint is so sketchy, that it fails to connect specific Defendant Officers to specific claims. Plaintiff's Complaint is not fair notice and denies Defendant Officers a reasonable opportunity to answer the Complaint. Plaintiff Complaint, in paragraph 3, states that those who participated in the arrest used excessive force, but never states which Defendant Officer is being alleged to have participated in the arrest, leaving each Defendant Officer to speculate if their being accused of arresting the Plaintiff or not, and whether or not they should admit or deny the allegation. (*See* Plaintiff's Complaint, attached as Exhibit A to Defendant Officers' Motion to Dismiss, page 2). Furthermore, Plaintiff does not state what participating in the arrest means. The question of what participating in an arrest means is a speculative one. Defendant Officers are left to guess what Plaintiff means by participating in arrest, whether he is talking about the arresting officers that may have appeared on the arrest report, the officers that may have handcuffed him, the officers that may have placed Plaintiff in custody, or officers who may have used words to the effect that plaintiff was under arrest. The officers are left to speculate as to what Plaintiff means regarding who participated in

the arrest and does not directly connect any officer to the arrest.

The Plaintiff's Complaint further states that the On Scene Defendants who participated in the arrest used excessive force by deploying a chemical spray. *Id.* Defendant Officers are once again left to speculate as to whether this means that all On Scene Defendants who participated in the arrest, (a group still unknown), deployed a chemical spray or that one chemical spray was deployed, or somewhere in between. The Defendant Officers are left to speculate once again whether the allegation was against them personally or as a group.

Paragraph 6 of Plaintiff's Complaint alleges that Defendant Wach failed to protect Plaintiff, stating nothing about Defendant Wach using excessive force. *Id.* However, to further prove that Plaintiff's Complaint is so sketchy that it does not provide a proper notice of the claim to which defendants are entitled, in Plaintiff's Response, he now states that Defendant Wach, "either improperly beat, kicked, and struck Plaintiff repeatedly about his body, face and head or improperly failed to protect Plaintiff." (*See* Plaintiff's Response to Defendant Officer's Motion to Dismiss, page 2). Defendant Wach is now left to guess whether she is accused of failing to protect the Plaintiff, as initially alleged in the Complaint, or excessive force and failing to protect the Plaintiff, as alleged in the Response to Motion to Dismiss. Furthermore, paragraph 6 of the Complaint states that the basis for Defendant Wach's failure to protect allegation is based upon information and belief, which by its very nature is speculative, and does not give Defendant Wach fair notice of the claims against her.

In paragraph 7 of the Complaint, Plaintiff fails to state any connection between any of the Defendant Officers and the alleged "some or all of Defendants", who agreed to

make false arrest reports to conceal the excessive force. (*See* Exhibit A to Defendant Officers' Motion to Dismiss, page 2). The Defendant Officers are left to guess and speculate as to which Defendants, Plaintiffs are alleging made false reports to conceal the alleged excessive force of Plaintiff. Defendant Officers are forced to either, answer and then find out later, it does not apply to them, or refrain from answering and risk that the allegations be deemed admitted.

In paragraph 8 of Plaintiff's Complaint, Plaintiff states that the alleged conduct violated Plaintiff's rights under the U.S. Constitution, including the Fourth, Eighth and Fourteenth Amendments. *Id.* All of the allegations claimed; excessive force, failure to intervene and creating false reports regarding excessive force seem to fall under the Fourth Amendment. So Plaintiff once again forces Defendant Officers to speculate as to which Eighth, and Fourteenth Amendment violations are alleged against them, and Plaintiff fails to make any direct connection between any of the Defendant Officers and any Eighth or Fourteenth Amendment violations.

WHEREFORE, Defendant Officers request this court dismiss the Complaint against them in this cause with prejudice or such other relief this court deems appropriate.

Respectfully submitted,

/s/ Thomas H. Freitag
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400                                             June 3, 2008
Chicago, Illinois   60602
312-742-7391
Attorney no. 06272245