

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANISLAW FILIPEK, ) | |
| ) | |
| Plaintiff, ) | No. 08 C 715 |
| ) | |
| v. ) | Judge Ruben Castillo |
| ) | |
| RACHEL KRASS, ROSE WACH, ) | |
| CESAR CLAUDIO, SEAN TULLY, ) | |
| JOSEPH WALSH, BRIAN GUNNELL ) | |
| TIM SHANAHAN, DALE POTTER, ) | |
| A CHICAGO POLICE OFFICER WHOSE ) | |
| NAME IS UNKNOWN, CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Stanislaw Filipek ("Plaintiff") filed this Section 1983 action against Chicago Police Officers Rachel Krass, Cesar Claudio, Sean Tully, Joseph Walsh, Brian Gunnell, Tim Shanahan, and Dale Potter ("Arresting Officers"); an unknown Chicago police officer ("Unknown Officer"); Officer Rose Wach ("Officer Wach"); and the City of Chicago (the "City") (collectively, "Defendants") for violations of his Fourth, Eighth, and Fourteenth Amendment rights resulting from the alleged use of excessive force against him during the course of his arrest. (R.1, Compl.) Defendants have moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (R.10, Defs.' Mot. to Dismiss.) For the reasons stated below, Defendants' motion is granted in part and denied in part.

### FACTUAL & PROCEDURAL HISTORY

In a two-page complaint filed on February 1, 2008, Plaintiff alleges that "[o]n or about February 5, 2006, in the vicinity of 4953 S. Kilpatrick, Plaintiff encountered Defendants Krass,

Claudio, Tully, Walsh, Gunnell, Shanahan, and Potter . . ." (R. 1, Compl. ¶ 3.) Plaintiff claims that "one or more" of these Arresting Officers "intentionally or willfully and wantonly used excessive force . . . striking plaintiff about the head and in the face and elsewhere and by deploying a chemical spray and otherwise, in the course of arresting Plaintiff." (*Id.*) Plaintiff alleges that those Arresting Officers "who did not participate in the arrest observed the other [officers] using excessive force and did not intervene to protect Plaintiff." (*Id.* ¶ 4.)

Plaintiff alleges that after he was transported to the Chicago Police Station, "Unknown Officer, without provocation or cause, beat, kicked, and struck plaintiff repeatedly about his body, face and head." (*Id.* ¶ 5.) Further, he alleges that "[Officer] Wach was present at the police station . . ., was aware of Unknown Officers actions and failed to act to protect Plaintiff." (*Id.* ¶ 6.) Finally, Plaintiff alleges that "[s]ome or all of the Defendants agreed to make incorrect of false reports to conceal the use of excessive force in Plaintiff's arrest or his subsequent beating by Unknown Officer and some or all of the Defendants acted upon the agreement." (*Id.* ¶ 7.)

On April 17, 2008, Defendants moved to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (R. 10, Defs.' Mot. to Dismiss at 1.) Defendants argue that Plaintiff failed "to explicitly state what the claims were, and specifically to demonstrate which claims were alleged against Defendant Officers." (*Id.*)

## LEGAL STANDARD

In determining whether to grant a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded allegations in the complaint as true, and draws all reasonable inferences in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007). To state a claim, the complaint must provide "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (U.S. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Seventh Circuit has read the *Twombly* and *Erickson* decisions as imposing "two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concerta Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal citations and quotation omitted). Despite this liberal notice-pleading standard, "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

## ANALYSIS

Defendants argue that Plaintiff's Section 1983 suit should be dismissed because Plaintiff does not state which allegations in his Complaint are secured by which constitutional rights, or which officers committed which alleged violations. (R. 1, Compl. ¶ 8.)

### A. Force Used During Arrest

Plaintiff alleges that the Arresting Officers "used excessive force" while arresting him or "observed the other [officers] using excessive force and did not intervene to protect Plaintiff." (R. 1, Compl. ¶¶ 3, 4.) He does not state, however, whether the arrest was made pursuant to a warrant. "[T]he Fourth Amendment governs the period of confinement between arrest without a warrant and the preliminary hearing at which a determination of probable cause is made." *Lopez v. City of Chicago*, 464 F.3d 711, 719 (7th Cir. 2006). The Fourth Amendment requires proof that the defendants' conduct was "objectively unreasonable under the circumstances." *Id.* at 718. The circumstances to consider include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Morfin v. City of East Chicago*, 343 F.3d 989, 1004-05 (7th Cir. 2003) (internal quotations and citations omitted).

If the Arresting Officers had obtained a warrant in advance of the arrest, however, then the Fourteenth Amendment would apply to Plaintiff's claim of excessive force during arrest because "due process regulates the period of confinement after the initial determination of probable cause," but before conviction. *Lopez*, 464 F.3d at 718-19. The due process analysis borrows from the Eighth Amendment's "deliberate indifference" standard, requiring a showing that the officer "acted with the equivalent of criminal recklessness." *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007).

Here, the Court is faced with a situation in which Plaintiff does not allege in his Complaint what he was doing at the time when he was arrested, the crime with which he was charged, or any injuries he sustained during the course of arrest. While this scarcity of basic

4

contextual facts surrounding the alleged incident is not ideal, it is not enough to warrant dismissal of this claim. "[W]hen the level to which a situation has escalated is uncertain, and, like here, it cannot be ascertained from the pleadings, the need for physical force and the amount of force necessary to quell a citizen who is not responding to a show of authority is a question that requires more development," such that dismissal at this point is "premature." *Lanigan v. Vill. of East Hazel Crest, Ill.*, 110 F.3d 467, 475-76 (7th Cir. 1997).

The Supreme Court's opinion in *Twombly* does not change this analysis. In *Twombly*, the Supreme Court was primarily concerned with the importance of more detailed pleading in cases involving complex litigation, such as antitrust and patent cases, where discovery can be particularly costly. *Twombly*, 127 S.Ct. at 1966-67; *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008) ("For complaints involving complex litigation---for example, antitrust or RICO claims---a fuller set of factual allegations may be necessary to show that relief is plausible."). This civil rights case is obviously distinguishable from a complex patent or antitrust case. As Plaintiff correctly points out, the "information that Defendants claim is lacking is clearly information in the minds and reports of the Defendants and can be clarified during discovery." (R. 14, Pl.'s Resp. at 3.)

Moreover, although the Complaint does not specify what each Defendant did during the course of his arrest, Plaintiff provides the names of all officers alleged to have taken part in the arrest, the date of the arrest, and the location where the arrest took place. (R. 1, Compl. ¶ 3.) In addition, Plaintiff alleges that each of the named Defendants either used excessive force or failed

to stop other officers from doing so, in violation of the Fourth or Fourteenth Amendment.[1] The Complaint thus "give[s] the defendant[s] sufficient notice to enable [the]m to begin to investigate and prepare a defense." *Tamayo*, 526 F.3d at 1085.

### B. Force Used After Arrest

Next, the Court examines Plaintiff's allegations that an Unknown Officer "without provocation or cause, beat, kicked and struck Plaintiff repeatedly about his body, face and head," and that "[Officer] Wach was present at the police station . . . [and] was aware of [the unknown officer's] actions and failed to act to protect plaintiff." (R. 1, Compl. ¶¶ 5, 6.) Plaintiff does not allege whether the Arresting Officers had a warrant for his arrest, or whether the alleged force used at the police station occurred before or after a probable cause hearing. As explained above, if the arrest was made without a warrant, and the force alleged was used before a judicial determination of probable cause (a *Gerstein* hearing), the Arresting Officers' conduct would be analyzed under the Fourth Amendment. *Lopez*, 464 F.3d at 718. However, if the arrest was made pursuant to a warrant, or if the alleged force occurred after a probable cause hearing, the due process clause of the Fourteenth Amendment would apply. *Id.*

Whether the Fourth or Fourteenth Amendment applies, Plaintiff's claim is sufficient to survive the motion to dismiss as it satisfies both the plausibility and notice prongs of *Twombly*. The Complaint puts Officer Wach on notice of the date and time of the alleged incident at the

---

[1] "An officer who is present and fails to intervene to prevent other law enforcement officers from infringing on the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement officials; and the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).

police station, and specifically accuses her of failing to protect Plaintiff while another officer used excessive force on Plaintiff. Though the details here are sparse, taking the Complaint as true, Officer Wach did nothing while another officer used excessive force on Plaintiff, which under *Yang*, 37 F.3d at 285, would be grounds for liability.

### C. Creating False or Incorrect Reports

Plaintiff's final claim is that "[s]ome or all of the Defendants agreed to make incorrect or false reports to conceal the use of excessive force in Plaintiff's arrest or his subsequent beating by Unknown Officer and some or all of the Defendants acted upon the agreement." (R. 1, Compl. ¶ 7.) "[E]fforts by state actors to impede an individual's access to courts or administrative agencies may provide the basis for a constitutional claim under 42 U.S.C. § 1983." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 422 (7th Cir. 2000). "Judicial access must be adequate, effective, and meaningful, and therefore, when police officers conceal or obscure important facts about a crime from its victims rendering hollow the right to seek redress, constitutional rights are undoubtedly abridged." *Id.* at 422-23 (internal citation and quotations omitted).

However, a conspiracy to cover up police wrongdoing "which ultimately neither prevented the plaintiff[] from pursuing relief nor reduced the value of [his] claim, [i]s not actionable under section 1983." *Id.* at 423. Here, as in *Cefalu*, Plaintiff was a "face-to-face participant" in the events before, during, and after his arrest, so despite any cover-up efforts by the defendants, Plaintiff had knowledge of facts necessary to seek legal redress, as Plaintiff ultimately did in this case. *Id.* at 423-24; *see also Johnson v. Garza*, -- F. Supp. 2d --, 2008 WL 2700296 (N.D. Ill. July 11, 2008) (dismissing Section 1983 claim of conspiracy to cover up

7

police wrongdoing because "[a]lthough the fabrication of evidence and other alleged instances of police wrongdoing may have operated to delay Johnson's proverbial 'day in court' because he could not file this action until he learned of Officers' misconduct, the fact remains that he is in court now.")

Therefore, the allegations contained in paragraph seven of the Complaint are dismissed.

### D. Claims Against the City of Chicago

Plaintiff also names the City of Chicago as a Defendant in this action. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In addition, a "municipality may not be held liable under § 1983 on a respondeat superior theory." *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001). Plaintiff, however, does not allege that the actions of the officers were brought about by a "policy or custom" of the City. Thus, the City of Chicago is dismissed as a defendant.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted in part and denied in part. (R. 10.) Defendants' motion to dismiss the excessive force claims against the Arresting Officers and Officer Wach is denied, and the motion is granted as to Plaintiff's claim of a conspiracy to create false or incorrect reports. Additionally, the City of Chicago is dismissed as a Defendant.

The parties are requested to reevaluate their final settlement positions in light of this opinion. The Court will hold a settlement conference in chambers on September 29, 2008, at 12:30 p.m.

Date: September 16, 2008      ENTERED: _____
                                        **Ruben Castillo**
                                        **United States District Judge**